Reese, J.
delivered the opinion of the cotirt.
Peter Rives, of the State of Arkansas, drew a bill of exchange upon the house of N. &J. Dick & Co. of New Orleans, which was endorsed by H. R. W. Hill & Co. to Connor & Mc-Alister, and by them to the Planters’ Bank, and the Planters’ Bank by N. Hobson tte- cashier, endorsed the same to the Mechanics and Traders Bank of New' Orleans. The latter, who were the agents of the Planters’ Bank, duly presented the same for acceptance, to the house of N. & J. Dick & Co. who refused to accept, and the same was protested for non-acceptance; and notice duly given to the Planters’ Bank at Nashville, and by the latter to H. R. W. Hill at New Orleans, who then resided at that place. The house of H. R. W. Hill & Co. of Nashville, and of N. & J. Dick of New Orleans, although differing in the style of the firms, were identical, as partners; Hill being a partner in the New Orleans house, and N. & J. Dick in the Nashville house. The same Peter Rives, made his promissory note to H. R. W. Hill & Co., payable at the Planters’ *671 Bank at Nashville, which by the said H. R. W. Hill & Co. was endorsed to Connor & McAlister, and by them to the Planters’ Bank. This note at maturity was duly protested for non-payment, and notice to Hill and the other endorsers, duly directed and in proper time placed in the post offices. It was admitted on the trial, that H. R. W. Hill had more than thirty days before the commencement of this action given due notice to the bank, to sue Rives, the drawer of the bill and the maker of the note, as required by the provisions of the act of 1801, ch. 18, sec. 8. It appears, as has been stated, that Rives was a citizen and resident in Arkansas; and it did not appear, that he had been in the State of Tennessee subsequently to the notice, or that he had any property within the State of Tennessee. The first count in the declaration is upon the bill of exchange, and avers protest for non-acceptance, and also for non-payment, and concludes: “of all which said several premises, the said H. R. W. Hill & Co. then and there had due notice.”
1. The first objection taken is, that the general allegation as to notice in the declaration is not sufficient.
We think it is sufficient, and that this opinion is maintained by the authorities, to which we have been referred on the other side. 3 John. 201 and 207; and especially is this so, after verdict.
2. It is said the notice proved as to the bill of exchange is insufficient being sent to the bank here, and by the bank to New Orleans. The case in 5th Mason, 366, is identical, in all its leading circumstances, with the case before us. It was very fully considered by Mr. Justice Story, a great authority in all questions, and especially, in all questions of commercial law, and he held that the agent, in that case a bank in Boston, was duly bound, as if it had been holder, or owner of the note, to transmit the notice to its principal, the owner, in Portsmouth, and that notice by such principal or owner, to the endorser, who resided in Boston, was sufficient and would bind the endorser; and upon a full view of the cases, he held that if each of the parties, holders of the note, gave notice to his immediate endorser, however circuitous such notice might be in their progress, it would be sufficient. And this has been often held *672 to be so in this court. Moreover, as has been said, in the statement of this case, the houses of H. R. W. Hill & Co., and of N. & J. Dick were identical, differing in the style, and not at all in the persons. In such case, whatever might have been the effect if Hill alone had been a member of both firms, and others, third persons, had been his partners, in the house of H. R. W. Hill & Co., we are of opinion that the identical firms, were affected with notice of the non-acceptance. In other words when Hill, N. & J. Dick, have, calling themselves H. R. W. Hill & Co., drawn a bill upon themselves at New Orleans, by the style of N. & J. Dick & Co., the house here, eo instanti, is .informed of such non-acceptance; so in either view, the notice in this case, is well enough.
3. As to the third ground of error assigned, the circuit court charged the jury, that the 3d section of the act of 1801, ch. 18, did not apply to a case, where a note or bill of exchange was actually negotiated upon consideration, and in due course of trade, but only to cases where the endorsement was made for the accommodation of the maker or drawer, and also, that Peter Rives not being a citizen of the State, the bank was not bound to sue in a foreign State; and that such case, did not come within the purpose and meaning of the act of 1801. We deem it unnecessary to say any thing upon the distinction made by the circuit judge, between endorsements in the course^ of trade, and upon accommodation, because we are satisfied on the other ground, that the act does not intend that suits shall be brought without the jurisdiction of Tennessee. The time given, 30 days, the reason assigned, lest the drawer should become insolvent, or emigrate and leave the State, the nature of the thing, as a municipal regulation, the absurdity of the contrary supposition, all constrain us to hold, that the act does not embrace such a case as this.
And this court must be careful, unless the plain meaning of the Legislature shall compel them, while they extend the protection intened to sureties and others in analogous relations, not to push the construction of the statute in question so far as entirely to destroy the negotiability of commercial securities.
Let the judgment be affirmed.